UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BOSSET, TRUSTEE             Case No. 1:06-cv-260
FOR WOODSHED CABINETRY,         (Spiegel, J.)
                                                        (Hogan, M.J.)
         Plaintiff

         VS.

KIMBERLY A. STEELE,                 **REPORT AND**
                                                        **RECOMMENDATION**
         Defendant

       This matter is before the Court on Defendant Kimberly Steele's Motion to Dismiss (Doc. 36), and Plaintiff's Response to the Motion to Dismiss, or in the alternative, Motion to Withdraw as Counsel. (Doc. 37). On May 17, 2007, the District Judge referred this matter to the assigned Magistrate Judge to conduct a hearing as to why this case should not be dismissed at Plaintiff's cost. The Court ordered that "[a]ll parties, David Bosset, Kimberley Steele, and John Steele, must be present. Failure of any party to be personally present will be grounds for sanction." (Doc. 38).

       Pursuant to May 17, 2007 Order, the undersigned conducted a hearing on the Motion to Dismiss and Motion to Withdrawal as Counsel on July 17, 2007. All parties were present except David Bosset. Counsel for Kimberly Steele and counsel for Plaintiff presented argument and, pursuant to the undersigned's request, counsel for Defendant Steele provided records for the Woodshed Cabinetry Trust. (Doc. 42).

       For the reasons which follow, Defendant Kimberly Steele's Motion to Dismiss should be denied and the Motion to Withdrawal as Counsel for Plaintiff should be granted. In addition, it is further recommended that the complaint be dismissed for lack of prosecution and for Mr. Bosset's failure to obey a Court Order.

**FACTUAL BACKGROUND**

The complaint alleges that Plaintiff David Bosset is the trustee of Woodshed Cabinetry, a business trust duly formed on December 2, 2002 in the State of Florida. (Doc. 1, ¶¶1-2, 7). Plaintiff Bosset, Trustee, is a resident of the State of Florida. Woodshed Cabinetry is a business owned by Defendants John and Kimberly Steele, who were formerly married. Woodshed Cabinetry fabricates and manufactures cabinets in Shelbyville, Kentucky. Since the divorce in 2004, Defendant Kimberly Steele has resided in West Chester, Ohio. Third Party Defendant John Steele resides in the Shelbyville area.

The complaint alleges that in February 2003, the Steeles put their business property in a "business trust" (Doc. 1, ¶13). The complaint further alleges that the trust named the Steele's eleven children as beneficiaries. (Doc. 1, ¶9). It is alleged that the trust is located in Florida. The only connection between the trust res and the State of Florida is that the sole trustee, Plaintiff Bosset, lives there. It is further alleged that both John and Kimberly Steele signed "Independent Contractor Agreements" obligating them to perform services for the trust. (Doc. 1, ¶¶4, 10-12).

Plaintiff alleges that Defendant Kimberly Steele converted trust funds to her own use in the approximate amount of $190,000. (Doc. 1, ¶¶15-21). Plaintiff further alleges that a notice was sent to Defendant Kimberly Steele seeking an explanation as to the missing funds to which Mrs. Steele did not respond. (Doc. 1, ¶¶22-23). The complaint seeks damages in excess of $189,000.

Defendant Kimberly Steele denies the allegations of the complaint. Mrs. Steele filed a Counterclaim against Plaintiff David Bosset seeking a dissolution of the trust. (Doc. 12). Mrs. Steele also filed a cross-claim against her former husband, John Steele, seeking a restoration of Woodshed Cabinetry as a marital asset for distribution by the Kentucky Domestic Relations Court having jurisdiction over the marital property. Mrs. Steele alleges that John Steele concealed the existence of the creation of the unincorporated business trust from Mrs. Steele and created false and fictitious documents with Plaintiff David Bosset to create Woodshed Cabinetry as an unincorporated business trust organization. (Doc. 12).

**OPINION**

Defendant Kimberly Steele asserts that the trust is a sham, created for the purposes of eliminating the burden of taxation and removing a marital asset from at least partial distribution to her. She also asserts that the creation of the trust was in direct violation of an Order of the United States District Court for the Middle District of Florida issued on March 26, 2002 on a motion for preliminary injunction and reaffirmed on February 27, 2003 as the Court's final Order. *See United States v. David T. Bosset*, 8:01-CV-2154-T-17BM (M.D. Fla.)(Docs. 16, 86).

Three factual findings supporting the issuance of preliminary injunctive relief were listed by the Florida District Court as follows:

"Defendant Davis Bosset promoted and continues to promote the U.S. Sources/IRC Sec. 861 argument, a frivolous position that domestic income is not subject to federal income tax" and "Defendant Bosset knew or should have known that the Sec. 861 argument is frivolous because (1) the argument is absurd on its face; (2) judicial decisions dating back to 1993 have universally rejected the argument, and (3) the IRS has issued numerous public documents describing the invalidity of the argument. Defendant continued to advance the argument even after the IRS informed him that he was being investigated for promoting an abusive tax plan." The Permanent Injunction simply expands these initial findings and enjoins Bosset from "engaging in activity subject to penalty under IRC Sec. 6701, including preparing and/or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that he knows will result in the understatement of tax liability."

Mrs. Steele contends that Plaintiff Bosset was restrained by the Court's Injunctions from selling the trust to Kimberly and John Steele and that such conduct violated not only the Court's Orders but the laws of the Commonwealth of Kentucky as well. Defendant Steele contends the creation of the trust was "void ab initio" and patently illegal on its face. She further alleges that the trust property is marital property and is subject to division by the domestic relations court of the Commonwealth of Kentucky. She contends that this lawsuit has no basis in law or fact and should be dismissed. In the event the Court denies the motion to dismiss, Mrs. Steele requests the Court compel Plaintiff Bosset to provide discovery in this matter and to appear for his deposition. She contends Plaintiff Bosset alleges an inability to testify at a deposition due to

illness, but has failed to document such illness as an excuse for not participating in the deposition.

Although Defendant Steele has provided the Court with several records for the Woodshed Cabinetry Trust (Doc. 42), the actual trust instrument has not been provided. In the absence of the trust instrument, the Court is unable to determine whether the trust violates the Internal Revenue Code and is a sham as Defendant Kimberly Steele contends, or whether the trust was created in violation of the Preliminary and Permanent Injunctions of the United States District Court in Tampa, Florida. Because the Court at this juncture cannot assess the validity of the trust or whether such trust violates the Florida District Court's Injunction, the Court cannot say the complaint is without basis in law or fact. Therefore, it is recommended that Defendant Kimberly Steele's motion to dismiss be denied.

Nevertheless, the undersigned recommends that dismissal of this matter is warranted. The District Judge specifically ordered that all parties, including David Bosset, be present at the hearing on the motion to dismiss or face sanctions. At the hearing of this matter, counsel for Mr. Bosset represented to the Court that Mr. Bosset has refused to cooperate with his own counsel. Counsel represented that he has requested information necessary to prosecute this action, including an affidavit verifying Mr. Bosset's alleged medical condition as a reason for not cooperating with his discovery deposition, but that his client has failed to provide the information requested. In preparation for this hearing, counsel sent an overnight letter to the address previously provided by Mr. Bosset advising him of the Court's Order requiring him to appear at the motion hearing or face sanctions. The letter was returned by the United States Postal Service indicating a viable, but "vacant" dwelling. Counsel then did a "reverse" telephone number search on the internet using the telephone number provided by Mr. Bosset and discovered a different address corresponding to that telephone number. Counsel stated he again sent an overnight letter advising Mr. Bosset of the Court's Order. Counsel represented that Mr. Bosset's failure to cooperate with him has rendered him unable to adequately represent the Plaintiff in this case. Mr. Bosset's lack of communication and cooperation with his attorney renders counsel's representation virtually impossible. Therefore, the Court recommends that counsel's request to withdraw be granted.

In addition, Mr. Bosset's failure to appear at the hearing in this matter as ordered by the

Court warrants sanctions. Failure of a party to comply with an Order of the Court warrants invocation of the Court's inherent power to *sua sponte* dismiss civil actions. *See* Fed. R. Civ. P. 41(b). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). By failing to comply with the Court's Order, Plaintiff demonstrates a lack of prosecution of his action and a failure to obey a Court order.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED with prejudice for lack of prosecution.
2. Defendant Kimberly Steele's Motion to Dismiss be DENIED.
3. Attorney Charles McFarland's Motion to Withdraw as Counsel be GRANTED.

**THE CLERK OF COURT IS DIRECTED** to send by certified mail copies of the foregoing Report and Recommendation to Plaintiff David Bosset at the address provided for Plaintiff Bosset in the complaint **AND** at 10352 Lafoy Rd., Spring Hill, Florida 34608.[1]

Date: 7/23/2007         s/Timothy S. Hogan
                        Timothy S. Hogan
                        United States Magistrate Judge

---

[1] The Court takes judicial notice of the address provided by Plaintiff David Bosset in *Bosset v. United States of America*, Case No. 8:07-cv-967 (M.D. Fla.), filed by Mr. Bosset pro se on June 5, 2007.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID BOSSET, TRUSTEE              Case No. 1:06-cv-260
FOR WOODSHED CABINETRY,        (Spiegel, J.)
    Plaintiff                                (Hogan, M.J.)

    VS.

KIMBERLY A. STEELE,
    Defendant

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>David Bossett, Trustee<br>for Woodshed Cabinetry<br>3059 Cloudcroft Avenue<br>Spring Hill, Florida 34609 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 0860 0000 1409 6144 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>David Bossett<br>10352 Lafoy Rd.<br>Spring Hill, Florida 34608 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 0860 0000 1409 6151 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

1:06cv260 Doc. 43