```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

DAVID BOSSET,                    :    No. 1:06-CV-00260
                                 :
        Plaintiff,                :
                                 :
   vs.                           :    **OPINION AND ORDER**
                                 :
KIMBERLY A. STEELE, et al.,      :
                                 :
        Defendants.              :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 43), Defendant Kimberly Steele's Objections (doc. 46), Plaintiff's counsel's Response (doc. 48), and Plaintiff's pro se objections (doc. 49). For the reasons stated herein, the Court DENIES all pending motions as MOOT, DECLINES to accept jurisdiction of this matter, and DISMISSES the case from its docket.

**I. Background**

On March 3, 2006, Plaintiff David Bosset, a trustee of Woodshed Cabinetry, filed a complaint against Defendant Kimberly Steele (doc. 1). Woodshed Cabinetry is a business owned by Defendants John and Kimberly Steele, who were divorced in 2004, which the Steeles put into a "business trust" in February, 2003 (Id.). Plaintiff alleged that Defendant Kimberly Steele improperly converted trust funds for her own use in the approximate amount of $190,000 (Id.). Defendant Kimberly Steele denied the allegations and filed a Counterclaim against Plaintiff seeking dissolution of the trust, and a cross-claim against John Steele seeking the

restoration of Woodshed Cabinetry as a marital asset (Id.).

Thereafter, Defendant Kimberly Steele filed a motion to dismiss (doc. 36), and Plaintiff filed a motion to withdraw as counsel (doc. 37). The Court referred the matter to the assigned Magistrate Judge to conduct a hearing as to why this case should not be dismissed at Plaintiff's cost, ordering that "[a]ll parties, David Bosset, Kimberly Steele, and John Steele, must be present" (doc. 38). All parties were present at the hearing except David Bosset (doc. 43).

In his July 24, 2007 Report and Recommendation, the Magistrate Judge recommended that Plaintiff's counsel's motion to withdraw be granted, Defendant Kimberly Steele's motion to dismiss be denied, but that the case be dismissed for lack of prosecution (Id.). Defendant Kimberly Steele (doc. 46) and Plaintiff, acting pro se (doc. 49), both objected to the Report and Recommendation, and Plaintiff's counsel responded to Defendant's objections (doc. 48).

**II. Discussion**

Although the Magistrate Judge's Report and Recommendation is well-reasoned, the Court finds that it need not reach the merits of that filing nor the objections thereto.

As the Sixth Circuit found in Gargallo v. Gargallo:

> While the language of the diversity statute, 28 U.S.C. § 1332, may be broad enough to encompass this action, this court is bound by the long standing exception to the statute that federal courts will not accept jurisdiction in domestic relations cases.

472 F.2d 1219 (6th Cir, 1973)(citing Barber v. Barber, 62 U.S. 582, 584 (1858)). In In re Burrus, 136 U.S. 586, 593-594, the Supreme Court stated, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." See also Hernstadt v. Hernstadt, 373 F.2d 316 (2d Cir. 1967); Harris v. Turner, 329 F.2d 918, 923 (6th Cir. 1964); Carqueville v. Woodruff, 153 F.2d 1011 (6th Cir. 1946).

Although not every action involving the distribution of property between former spouses will fall within the domestic relations exception, the Court finds that the facts of this case warrant abstention. See ex. Gonzalez Canevero v. Rexach, 793 F2d 417 (1st Cir. 1986); Williamson v. Williamson, 306 F. Supp. 516 (W.D. Okla. 1969); but see also Korby v. Erickson, 550 F. Supp. 136 (S.D.N.Y. 1982); Kirby v. Mellenger, 830 F.2d 176 (11th Cir. 1987). In Firestone v. Cleveland Trust Company, 654 F.2d 1212, 1218 (6th Cir. 1981), the Sixth Circuit, in a case which also involved a trust, found that the federal court did not have jurisdiction over matters "integrally tied to a domestic relations issue."

The Court finds that this case, too, involves matters "integrally tied to a domestic relations issue." Id. The core issue here is whether Defendant Kimberly Steele converted assets of the alleged trust for her own use (doc. 43). Because under Kentucky law, the alleged trust would most likely be considered a

3

marital asset, the resolution of this matter would necessarily involve the distribution of property between former spouses. Gripshover v. Gripshover, 2005 WL 1993603 (Ky.App. Aug. 19, 2005) (NO. 2004-CA-000578-MR, 2004-CA-000599-MR), review granted (Mar. 15, 2006)("In Kentucky, a spouse is entitled to an equitable share of the property accumulated through joint efforts- regardless of how the property is titled, categorized, or characterized." citing Goderwis v. Goderwis, 780 S.W.2d 39 (Ky. 1989); Sexton v. Sexton, 125 S.W.3d 258 (Ky., 2004)).  Therefore, the Court finds that because this case involves domestic relations, it does not have jurisdiction over the matter. Barber v. Barber, 62 U.S. at 584.

**III. Conclusion**

For the foregoing reasons, the Court DENIES all pending motions as MOOT, DECLINES to accept jurisdiction of this matter, and DISMISSES the case from its docket.

SO ORDERED.

Date: September 12, 2007        /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge

4